U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 2 7 2014

CLERK, U.S. DISTRICT COURT
By _____
             Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RANDY WARREN,                                    §
                                                 §
          Plaintiff,                             §
                                                 §
v.                                               §          Civil Action No. 3:13-CV-1135-M
                                                 §
BANK OF AMERICA, N.A., as Successor              §
by Merger to BAC Home Loans Servicing,           §
L.P., formerly known as Countrywide              §
Home Loans Servicing, L.P.,                      §
                                                 §
          Defendant.                             §

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the plaintiff's objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Recommendation) and the defendant's response. After reviewing the Recommendation and conducting a *de novo* review of those parts to which Plaintiff objects, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

## I. BACKGROUND

This action is the second of three lawsuits that Randy Warren (Plaintiff) has filed as a result of the defendant's attempted foreclosure of his home. *See Warren v. Bank of Am., N.A.*, No. 3:11-CV-3603-M, 2012 WL 3020075, at *1 (N.D. Tex. June 19, 2012), *rec. adopted*, 2013 WL 1131252 (N.D. Tex. Mar. 19, 2013); *Warren v. Bank of Am., N.A.*, No. 3:13-CV-01135-M, Rem. Notice (doc. 1) (N.D. Tex. Mar. 18, 2013); *Warren v. Mortgage Electronic Registration Systems, Inc.*, No. 3:13-CV-04185-M, Rem. Notice (doc. 1) (N.D. Tex. Oct. 16, 2013).

On December 6, 2011, Plaintiff filed his first action, No. 3:11-CV-3603-M, after the defendant obtained a "foreclosure order" in state court based on a default on his mortgage. *Warren*, 2012 WL 3020075, at *1. Plaintiff challenged the attempted foreclosure, alleging that the defendant lacked "authority to declare a default, accelerate the debt, appoint a substitute trustee, or conduct a foreclosure sale" because: (1) Mortgage Electronic Registration Systems, Inc. (MERS) could not assign his mortgage to the defendant since it was not a party to, and never had a beneficial interest in, the original promissory note and (2) the promissory note was "securitized." *Id.* at *1–2. Based on these allegations, he asserted a claim for quiet title and sought declaratory and injunctive relief. *See id.* The Court dismissed Plaintiff's claims with prejudice for failure to state a claim. *See id.* at *4–8.

In this second action, No. 3:13-CV-1135-M, filed on March 15, 2013, Plaintiff does not expressly assert any substantive claims against the defendant, but he requests injunctive relief to enjoin the foreclosure sale. (doc. 5-1 at 3.) The allegations in the complaint implicate causes of actions for wrongful foreclosure and violations of the Tex. Const. art. XVI, § 50(a)(6)(B), the FDCPA, and the TDCPA. (*See id.* at 3–5.) The U.S. Magistrate Judge recommends dismissal with prejudice of Plaintiff's claims for failure to state a claim. (*See* Recommendation (doc. 24).)

Finally, on September 9, 2013, Plaintiff filed the third lawsuit, No. 3:13-CV-04185-M, listing MERS as defendant. *See* No. 3:13-CV-04185-M-BF, Orig. Compl. (doc. 1-2). In that complaint, he alleges that he is the Property's "owner" and that MERS's "claim" to the Property constitutes a "cloud" on his title. (*Id.* at 5.) He seeks to "quiet" his title to the Property. (*Id.* at 7.)

## II.  PLAINTIFF'S OBJECTIONS

**A.**    <u>Res Judicata</u>

Plaintiff first argues that res judicata does not bar his claims.  (P. Obj. (doc. 32) at 4–6.)

The Magistrate Judge found that the doctrine of "claim preclusion" was not applicable in this case because there had not been a "final judgment on the merits" in action No. 3:11-CV-3603-M before Plaintiff filed this suit. (*See* doc. 24 at 8.)  "Issue preclusion" was found to be inapplicable as well because Plaintiff's "claims for violation of the Texas Constitution and failure to provide notice were not asserted or litigated in his first lawsuit." (*Id.* at 9.)  Accordingly, Plaintiff's objections based on the doctrine of res judicata are overruled.

**B.**    <u>The Defendant's Standing</u>

Without pointing to a specific section, Plaintiff argues that the Recommendation "does not directly address the issues of standing." (doc. 32 at 6.)

*1.*    ***The Defendant's Standing to Foreclose Before Plaintiff Filed his First Suit***

On July 23, 2010, the defendant allegedly obtained a "judgment of foreclosure" against Plaintiff in state court, but no foreclosure sale took place because "[o]n December 6, 2011, the state court issued a temporary restraining order restraining [the defendant] from foreclosing on the property." *Warren*, 2012 WL 3020075, at *1–2; (*see also* doc. 5-1 at 4).  In his objections to the Recommendation, Plaintiff essentially argues that the defendant lacked standing to foreclose on the Property because it was not the owner or holder of the original wet-ink promissory note he executed in American Brokers' (the original lender) favor. (doc. 32 at 6–9.)

"Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July

25, 2011). Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug.30, 2012, no pet.) (mem. op.)  Consequently, the Fifth Circuit has held that "[t]he original, signed note need not be produced in order to foreclose." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). Specifically, it has explained that possession of the note is not a prerequisite to foreclosure under the Texas Property Code because the "deed of trust gives the lender as well as the beneficiary the right to invoke the power of sale, even though it would not be possible for both to hold the note." *Id.* at 255. (internal quotations omitted).  To the extent Plaintiff objects to a finding in the Recommendation that the defendant was not required to produce the original promissory note to foreclose on the Property, any such objection lacks any merit and is therefore overruled. *See id.*

### 2. *Any Future Attempt to Foreclose on the Property*

In his live complaint, Plaintiff does not allege that the defendant attempted to foreclose on the Property after the state court issued a temporary restraining order on December 6, 2011, enjoining it from foreclosing. (*See* doc. 5-1.) Moreover, he attached to his objections what he claims are copies of letters mailed to him by the defendant advising him that it no longer owns or services his mortgage. (*See* docs. 32-1–32-2.) One letter states that the defendant "released [the] servicing of [his] Loan on October 31, 2013," to "Nationstar Mortgage, LLC." (doc. 32-1 at 1.) The other letter states that the current owner of Plaintiff's note (i.e., the current mortgagee) is Federal National Mortgage Association (Fannie Mae). (doc. 32-2 at 1.) These documents negate any claim or inference that the defendant might attempt to foreclose on the Property in the future.  To the

-4-

extent Plaintiff asserts a challenge to any subsequent attempt to foreclose on the Property by the defendant, any such challenge is misplaced and provides no valid reason for rejecting the Recommendation's findings. Any objection on this basis is therefore overruled.[1]

**C.    Plaintiff's Standing to Challenge the Assignment of his Mortgage**

Plaintiff next argues that he has standing to contest MERS's assignment of his mortgage to the defendant pursuant to Fifth Circuit precedent.  (doc. 32 at 9–10.)

Notably, Plaintiff did not challenge the assignment of his mortgage in his complaint, and the defendant did not dispute his standing to bring any such challenge in its motion to dismiss.  (*See* docs. 5-1; 6.)  To the extent Plaintiff now attempts to assert such a challenge to bolster any of his substantive claims, the challenge is not properly before the Court.  *See Barnard v. Bowles*, 12 F.3d 1098, at *2 (5th Cir. 1993) (per curiam) (unpublished) ( "Issues raised for the first time in [objections to] a magistrate judge's report are not properly before the district court.") (citation omitted); *Swanzy v. Stovall*, No. 2:13CV112, 2013 WL 1340474, at *1 (E.D. Tex. Apr. 1, 2013) (noting that a party cannot "amend the allegations of his original complaint" by providing "additional detail" in his objections to the magistrate judge's report).

Even if his allegations were liberally construed as seeking leave to amend his complaint, any amendment would be futile.  First, the Fifth Circuit has expressly adopted the common law rule in Texas "that an obligor cannot defend against an assignee's efforts to enforce [an] obligation on a ground that merely renders the assignment voidable at the election of the assignor," but an "obligor

---

[1]    In addition to challenging the defendant's standing to foreclose, Plaintiff argues that the defendant lacks standing to "proceed with this lawsuit." (doc. 32 at 6.)  Because it was Plaintiff who brought the present lawsuit against the defendant, this argument is misplaced. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, 124 S. Ct. 2301, 2308, 159 L. Ed. 2d 98 (2004) ("In every federal case, *the party bringing the suit* must establish standing to prosecute the action.") (emphasis added).

*may* defend on any ground which renders the assignment void." *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (citations omitted) (emphasis in original). In his objections, Plaintiff does not allege or assert any facts showing that MERS's assignment of his mortgage was void. (*See* doc. 32.) Accordingly, he fails to raise a reasonable inference that he has standing to challenge MERS's assignment of his mortgage.

Most significantly, Plaintiff has already unsuccessfully challenged MERS's authority to assign the power of sale under the deed of trust to the defendant. In the first lawsuit, he argued that MERS's assignment to the defendant was ineffective because MERS had no interest in, and was not a party to, the promissory note. *Warren*, 2012 WL 3020075, at *4. As the Court explained, Plaintiff failed to show he had standing to dispute MERS's assignment to the defendant, and *"[e]ven if he had standing,"* any dispute failed since "MERS had the authority to assign the note and deed of trust because the deed of trust named MERS as a beneficiary and nominee for the original lender and its successors and assigns, and granted it the right to sell and foreclose on the property." *Id.* (emphasis added); *see also Martins*, 722 F.3d at 254–55 (explaining that because MERS "qualifies as a mortgagee" under the Tex. Prop. Code, it can transfer "the power of sale" to subsequent mortgagees by transferring the deed of trust regardless of whether it owns or holds the note). Because MERS's assignment of the deed of trust—and the power of sale—to the defendant was valid, regardless of Plaintiff's standing to contest it, his allegations cannot support any substantive claim for relief. *See Warren*, 2012 WL 3020075, at *4. Accordingly, this purported objection is also overruled.

### D.   Statute of Limitations (Texas Constitution Claim)

Plaintiff objects to the finding that his claim under the Texas Constitution is barred by the statute of limitations. (doc. 32 at 10.) He contends that this finding is erroneous because his cause

of action is actually a "quiet title" claim, to which the residual four-year statute of limitations is allegedly inapplicable. (*Id.*) Plaintiff did not list, or even mention, a quiet title action in his complaint. (*See* doc. 5-1.) He expressly stated that his "original loan appear[ed] to violate the Texas Constitution" because it exceeded the 80 percent loan-to-value limitation under article XVI, section 50. (*See id.* at 3, 5.) To the extent he seeks to assert such a quiet title claim at this stage of the proceedings, the claim is not considered. *See Barnard*, 12 F.3d 1098, at *2 (holding that the plaintiff "should have requested leave to amend his complaint to raise the new claims" rather than assert them in his objections to the magistrate judge's report).[2]

### E.   FDCPA Claim

Plaintiff next argues that the recommended dismissal of his FDCPA claim was improper. (doc. 32 at 13.)

According to the Recommendation, the complaint failed to assert any facts raising a reasonable inference that the defendant was a debt collector under the FDCPA either because it collected debts as the "principal purpose" of its business or because it collected debts "regularly." (doc. 24 at 17.) In addition, it found that because Plaintiff did not allege, "and nothing in the pleadings indicate[d], that the loan was in default at the time MERS assigned it to the defendant's predecessor," he failed to raise a reasonable inference that the defendant was a debt collector pursuant to the exception listed under 15 U.S.C. § 1692g(a)(6)(F). (*Id.*) Plaintiff now asserts in conclusory fashion that "there are factual issues as to whether [his] loan was in default at the time MERS assigned it to the defendant's predecessor", but he does not identify any specific facts to

---

[2] Notably, Plaintiff asserted a quiet title claim against the defendant in the first lawsuit, and the claim was dismissed with prejudice because it was based on invalid legal theories. *See Warren*, 2012 WL 3020075 at *4–6. He cannot re-assert the claim here because it is barred by the doctrine of issue preclusion. His purported objection regarding this claim fails for this additional reason.

support his assertion. (doc. 32 at 13.) Nor does he identify any other facts to support the allegation that the defendant is a debt collector. This objection is overruled.

**F.   TDCPA Claim**

Plaintiff also objects to the recommended dismissal of his claims under the TDCPA. (doc. 32 at 14–15.)

The Recommendation found that Plaintiff did not state a viable claim under § 392.304(a)[3] because he failed to identify any false or misleading misrepresentations by part of the defendant. (doc. 24 at 19.) It also found that to the extent Plaintiff asserted a claim under § 392.301(a)(8)[4] based on his allegation that the defendant did not send him the requisite foreclosure notices under Chapter 51 of the Texas Property Code, the claim failed because he did not "state how [this] action[] prohibited the defendant from foreclosing on the Property." (*Id.* at 20.)

*1.   Section 392.301(a)(8)*

Plaintiff now expressly asserts that the defendant violated § 392.301(a)(8) because it threatened to foreclose on the Property even though it "failed to give [him] adequate notice of sale as required under" the Texas Property Code. (doc. 32 at 15.) The documents attached to the motion to dismiss, which are considered part of the pleadings because they are referenced in Plaintiff's complaint and are central to his this claim,[5] show that on March 5, 2013, the substitute trustee sent

---

[3] During debt collection, or in obtaining information concerning a consumer, § 392.304(a) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs [certain prohibited] practices." Tex. Fin. Code Ann. § 392.304(a) (West 2004).

[4] "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8) (West 2006).

[5] Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).

a "notice of substitute trustee sale" on the defendant's behalf to Plaintiff's counsel at an address in Irving, Texas, and to Plaintiff at the Property's address as well as to an address in Addison, Texas, via certified mail, return receipt requested. (*See* doc. 6-2 at 7–16.) The defendant also filed a copy of the foreclosure sale notice with the Dallas County Clerk on March 11, 2013. (*See id.* at 1.) These documents negate any allegation that the defendant failed to provide him with the requisite foreclosure notices. *See Martins,* 722 F.3d at 256 ("Service of notice is complete when the notice is sent via certified mail.") (citing Tex. Prop. Code § 51.002(e)); *Rodriguez v. Ocwen Loan Servicing, LLC,* 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam) (same). Plaintiff's objection is therefore overruled.

2.      *Section 392.304(a)(10)*

Plaintiff alleges for the first time in his objections to the Court that the defendant also violated § 392.304(a)(10) of the TDCPA, which "prohibits the practice of 'using, distributing, or selling a written communication that simulates or is represented falsely to be a document authorized, issued, or approved by a court, an official, a governmental agency, or any other governmental authority . . . .'" (doc. 32 at 15.)

The original complaint did not list or otherwise implicate this claim, and Plaintiff failed to seek leave to amend the complaint to assert the claim at a later time. (*See* doc. 5-1.) This purported claim is therefore not properly before the Court. *See Barnard,* 12 F.3d 1098, at *2. Even if considered, the new allegations could not plausibly entitle Plaintiff for relief under § 392.304(a)(10). He states that the defendant is creating a "false impression" that it has authority to foreclose, but he fails to identify a specific "written communication" used or distributed by the defendant in connection with the foreclosure that simulates or falsely represents to be a document "authorized,

issued, or approved" by a governmental entity. (*See* doc. 32 at 15–16.) Accordingly, this objection is also overruled.

### III. CONCLUSION

*Defendant's Motion to Dismiss Plaintiff's First Amended Petition and Brief in Support of Same*, filed March 25, 2013 (doc. 6), is **GRANTED.** By separate judgment, all of Plaintiff's claims against Defendant will be **DISMISSED with prejudice.**

**SO ORDERED** this _27th_ day of _March_, 2014.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

-10-