IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDY WARREN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-1135-M |
| § | |
| BANK OF AMERICA, N.A., as Successor § | |
| by Merger to BAC Home Loans Servicing, § | |
| L.P., formerly known as Countrywide § | |
| Home Loans Servicing, L.P., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Standing Order of Reference* dated April 8, 2013, this case has been referred for pretrial management. Before the Court is the plaintiff's *Motion for Time to Extend*, filed on April 29, 2014. (doc. 41.) He seeks an extension of time in which to file an appeal with the Fifth Circuit challenging the dismissal of his case. Based on the relevant filings and applicable law, the motion should be granted.

**I. BACKGROUND**

Randy Warren (Plaintiff) sued Bank of America, N.A. (Defendant), as successor by merger to BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P., concerning the attempted foreclosure of real property located at 4131 Buena Vista Street, Dallas, Texas 75204. (*See* Amend. Compl. (doc. 1-5).) Defendant moved to dismiss the complaint for failure to state a claim. (doc. 6.) On November 15, 2013, findings were entered recommending that the motion to dismiss be granted, and on December 27, 2013, the Court adopted the findings and entered judgment. (docs. 24, 26, 27.) This judgment was later vacated so that Plaintiff could have

an opportunity to file objections to the findings. (doc. 30.) After he filed his objections, a final judgment granting the Defendant's motion to dismiss and dismissing Plaintiff's claims against it was entered on March 27, 2014. (doc. 38.) Plaintiff's notice of appeal was received an filed on April 29, 2014. (doc. 40.)

On April 30, 2014, Plaintiff moved for an extension of time to file the notice of appeal. He claims that he mailed his notice of appeal to the Court via one-day Priority Mail through the U.S. Postal Service on April 23, 2014, but it was not delivered until April 29, 2014. Plaintiff has attached as exhibits documentation of his efforts to file a timely appeal. (doc. 41, Ex. C, D.)

## II. NOTICE OF APPEAL

Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal in a civil case be filed within thirty days of the entry of the judgment or order being appealed. It also provides that a district court may grant a motion for extension of time to file an appeal if the motion is filed no more than thirty days after the time to appeal has expired, and it finds excusable neglect or good cause. FED. R. APP. PROC. 4(a)(1)(A), (4), (5). Because the thirtieth day after judgment was entered in this case fell on a Saturday, April 26, 2014, Plaintiff's notice of appeal was due the next Monday, April 28, 2014. FED. R. APP. PROC. 26(a)(1)(C). His April 29, 2014 notice was filed one day late.

The Fifth Circuit has noted that the concept of excusable neglect is "somewhat elastic" and may include "inadvertent delays," and that the inquiry should be equitable in nature. *United States v. Clark*, 51 F.3d 42, 43-4 (5th Cir. 1995), *quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 391 (1993). Here, Plaintiff has presented evidence that he made a good-faith attempt to timely file his notice of appeal by mailing it via one-day priority mail, five days before the expiration of time to file an appeal. He has therefore presented sufficient evidence

to support a finding of excusable neglect or good cause and is entitled to an extension of time to appeal.

### III.  RECOMMENDATION

The Court should **GRANT** Plaintiff's motion for extension of time to file an appeal.

**SIGNED this 2nd day of May, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE